## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

**HAL G. SMITH, III,** *et al.*,                :

    **Plaintiffs,**                                    :

**vs.**                                                         :   **CA 2:08-0639-KD-C**

**VALHALLA RANCH, L.L.C.,** *et al.*,   :

    **Defendants.**                                :

## REPORT AND RECOMMENDATION

This matter is before the undersigned for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b) on Plaintiffs' motion to remand (Doc. 6), filed November 25, 2008. Upon consideration of Plaintiff's unopposed motion asserting a lack of diversity between the parties, the undersigned hereby recommends that the Court **GRANT** the motion to remand and **REMAND** this case to the Circuit Court of Marengo County, Alabama, from whence it came.

## I. Factual Background/Procedural History

Defendants removed this case from the Circuit Court of Marengo County, Alabama, to this Court on October 31, 2008, alleging that the action "originally could have been filed in this Court . . . because complete diversity of citizenship exists between the properly[-]joined parties" and noting that the amount in controversy exceeds the $75,000.00 federal

threshold. (Doc. 1, p. 3.) In their Notice of Removal, Defendants allege that both Hal G. Smith and Karen Smith are and were at the inception of the current action "adult citizens of the State of Alabama, and note that the Defendants are all citizens of Michigan.[1] (*Id.* at 3-4.)

On November 25, 2008, however, Plaintiffs filed their Motion to Remand (Doc. 6), which this Court responded to via an order (Doc. 7) giving Defendants until December 11, 2008, to contest the claim contained with Plaintiff's motion that complete diversity between the parties did not, in fact, exist. Defendants failed, however, to respond to Plaintiffs' motion (Doc. 6), granting it an unopposed nature and making the disposition of the current motion a rather straightforward matter.

Attached to Plaintiffs' Motion to Remand is an affidavit from Karen Smith, whose citizenship is the (un)disputed fact before the undersigned. In her affidavit, Karen Smith informs the Court:

> 3. Although I was a resident of Alabama at the time of the events described in the [l]awsuit, I moved from the state of Alabama to Michigan when Hal G. Smith III and I separated. I have lived continuously in Michigan since. I

---

[1] As Plaintiffs point out, "Defendant's contention that complete diversity exists is based solely on the allegations regarding citizenship in the plaintiffs' complaint." (Doc. 6, p. 2.) In their original complaint, Plaintiffs assert that Hal G. Smith "is an adult citizen of Marengo County, Alabama, and was so at the time of all actions that constitute the subject matter of this complaint." (Doc. 1, Exhibit A, ¶ 1.) Regarding Karen Smith, however, the statement reads: "Plaintiff Karen Smith *is an adult* and was a resident citizen of Marengo County, Alabama[,] at the time of all actions that are the subject matter of this complaint." (*Id.* at ¶ 2 (emphasis supplied).)

> signed a settlement agreement in connection with my divorce in Michigan on April 21, 2008, and the divorce was finalized on June 13, 2008 in Marengo County, Alabama Circuit Court, case [n]umber DR 2008-046.
>
> 4. On September 10, 2008, and on October 31, 2008, my actual residence and my domicile were in the State of Michigan. I own the home in which I live, which is located [in Michigan]. My bank accounts are in Michigan, I have a Michigan driver's license, my legal mailing address is in Michigan, and I registered to vote in Michigan in April 2008. Michigan is my home and it is my intention to continue to make my residence and domicile in the State of Michigan.

(Doc. 6, Exhibit A, p. 1-2.)

**II. Discussion**

It is clear from the facts concerning Karen Smith's residence and activities in Michigan that she is, and intends to be, domiciled in Michigan. *See Slate v. Shell Oil Co.*, 444 F.Supp.2d 1210, 1215 (S.D.Ala. 2006) (determination of a party's domicile is to be determined by the "totality of the circumstances"). *Slate* continues with the helpful statement that "a party's place of residence is *prima facie* evidence of his domicile." *Id*. at 1215 n. 9. Finally, the Eleventh Circuit has noted: "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (1999). The Eleventh Circuit parlayed this federalist preference into a legal

3

burden in *McCormick v. Aderholt*, 293 F.3d 1254 (2002), announcing that "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Id*. at 1257.[2]

Far from meeting this burden, Defendants here have completely failed to make any response to Plaintiffs' current motion or to Plaintiffs' assertion that Karen Smith is indeed domiciled in Michigan, not Alabama. As a result, and with the benefit of the information that has been presented to this Court, the undersigned recommends that Plaintiffs' Motion to Remand be **GRANTED**, and the case **REMANDED** to the Circuit Court of Marengo County, Alabama, its genesis.

**DONE AND ORDERED** this 18th day of December, 2008.

        s/WILLIAM E. CASSADY
        UNITED STATES MAGISTRATE JUDGE

---

[2] 28 U.S.C. § 1332(a)(1) relates that federal courts may exercise diversity jurisdiction over all civil actions (a) where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, *and the action is between "citizens of different States."*